## HEGWOOD *v.* J. J. NEWMAN LUMBER CO.

[96 South. 695. No. 23361.]

MASTER AND SERVANT. *Injury to servant furnishing own light not actionable.*

> Where a person is employed to operate an upright engine in a rural section, and which requires operation during hours after dark, who is furnished material from which a light may be made, and where the master does not undertake to furnish a light, and where the servant undertakes to furnish his own light for his work and is injured because of the inadequate light, he cannot recover from the master because the situation calls for the servant to make the necessary light, and he cannot recover for his own fault.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Suit by J. W. Hegwood against the J. J. Newman Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*N. T. Currie,* for appellant.

Whose duty was it to furnish the place? In what condition did the law require the place to be furnished? The answers to these questions are self-evident. It was the duty of the appellee to furnish the place. The appellee did select and furnish the place. It was the duty of the appellee to furnish a reasonably safe place at the beginning of the work. It was the duty of the appellee to exercise ordinary care and caution to maintain the place in a reasonably safe condition during the work. If lights were necessary in order to render the place reasonably safe in which to work at night in the dark, firing this boiler, then the law imposed upon the appellee the imperative and nondelegable duty to properly light the place. That it was dangerous to work at night in the dark is self-evident. That it was necessary to have light to enable

one to see how to work at night in the dark is self-evident.

These matters are matters of common knowledge. The fact that foundries, factories, sawmills and other enterprises, where work is carried on at night in the dark, are lighted, is conclusive upon both the question of fact and law here raised. The legal duty to properly light the premises where work is required to be done at night in the dark has been generally recognized by all employers of labor.

It is astounding really to contemplate putting a man at work at night in the dark without sufficient light to enable him to see. There is no pretense in this record that the appellee lighted or made any attempt whatever to light the place where it required the appellant to work at night in the dark.

Nor can the appellee excuse itself from liability for its failure to perform its duty upon the ground that this boiler was placed at some distance out on a steep hillside near a branch for the purpose of being used to pump water into a water tank as a water supply for use in its boilers on the following day. It was just as necessary for the appellant to have light by which to work at the place, as it was for another employee of the appellee to have light to enable him to see how to run his engine on the track, or to run the same in the sawmill, or to stack the lumber in the dry kiln, and it was as much the legal duty to furnish the appellant light as it was to furnish any of these other employees light, and the appellee did furnish these other employees light, and would not attempt to operate its mill at night in the dark without light.

And it is a matter of common knowledge that there are now many different lighting plants and devices in use by which homes in the remote sections of the country are lighted by night. Such lights are found in common use at the water tanks, on farms, and in the fields, where water is pumped at night for family use for watering the stock or moistening the earth to make the crop grow. The appellee could have provided and furnished at a reasonable expense a lighting device which would have provided

ample light to enable the appellant to do his work at night in the dark with reasonable safety.

The appellee failed to discharge its duty. What followed? The appellant testified that it was so dark that he could not see the splinter, and did not see it when it was hurled back into his eye, and did not know of the danger until he had received it in his eye. It is therefore conclusive, so far as the facts are concerned that the failure of the appellee to properly light the place, caused or at least contributed to the injury of the appellant. Surely it was an issue of fact to be submitted to the jury for its determination whether this was true or not.

*Tally & Mayson,* for appellee.

It is perfectly clear from his own testimony and the testimony of the witnesses who testified in his favor that when the boiler door was open it lighted up the premises within a certain range. Of course the door was open when he put this wood in there. If it was necessary for him to have any other light, all he had to do was to kindle a fire on the ground close by, as he had any amount of wood there with which to do this and to fire the boiler. While his declaration charges that the appellee furnished him no light, yet the proof shows, as we have stated that he did have a lantern. What good another light or lantern would have done the record is absolutely silent, but, be that as it may, he could have made his own light from the fagots of wood carried there for the purpose of firing the boiler.

The appellant was unfortunately injured, but his injury was the proximate result of a very ordinary risk assumed by him when he contracted to perform the work that he did. His injury was the result of an accident, pure and simple, which might happen to him or any one under like conditions while using the same kind of wood, with or without a light. Where the injury is the result of an accident a recovery may not be had. *Gulf & Ship Island R. R. Co.* v. *Blockman,* 87 Miss. 192, 39 So. 479.

The appellant's brief largely consists of citations from this and other courts on when it is proper to give a peremptory instruction. We have examined the cases cited by learned counsel, and do not think that any of them are applicable to the facts in this case. We think it may be conceded, and it was, that everything testified to by the appellant and his witnesses was true, and yet we fail to see where they establish liability against the appellee. In order for the case to go to the jury there must be some negligence shown on the part of the appellee, but none was shown here. We thought at the time of the trial and still think that the demurrer should have been sustained, but the court probably thought that the appellee was working in some place in town or close by which was lit up with electricity, or other lighting system, and appellant forced to work in the dark, but the proof revealed that he had all the light that he needed, and he could have gotten more by making a fire on the ground if he had seen proper so to do.

We respectfully submit that there is no error in the record and the case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellant filed suit for personal injuries against the appellee. There was a judgment for the defendant, from which this appeal is prosecuted.

The appellant was employed by the appellee to operate an upright steam engine for the purpose of supplying water in a tank used for operation of its logging trains; that is to say, the upright engine pumped the water into the tank, and from the tank the boilers of the engines used in the logging operations were supplied. The tank and the upright engine was operated in a rural section near a stream, and plaintiff's work required his services from twelve o'clock noon until in the night, varying from ten to twelve o'clock. Plaintiff's injury was occasioned by a splinter flying back from a stick of wood which plaintiff

was putting in the upright engine for the purpose of firing it; said splinter striking his right eye and destroying the sight thereof. The plaintiff proceeds upon the theory that it was the duty of the company to furnish him with a light by which to work, and that by reason of not having the light he could not see the splinter, and he was thus injured. It is also contended that the upright engine was so located that the fire-box was unduly low, requiring him to work in a stooped position, and that the door of the fire box was small and rendered the work dangerous.

The plaintiff showed in his testimony that he was furnished fuel consisting of pine limbs, pine knots, and refuse pine timber, and that he furnished a lantern himself which he kept near the glass valve so he could see the condition of the water in the engine. He was furnished a club axe for the purpose of cutting or splitting the wood. He fails to show in his proof that there was any contract on the part of the defendant to furnish a light, but proceeds upon the idea that it was the defendant's duty to furnish a safe place in which to work, and that to make the place safe required a better light than he had.

There was a peremptory instruction for the defendant at the close of the plaintiff's testimony.

The proof fails to show that the situation called for an extra person to furnish light. The situation discloses that the plaintiff furnished his own light, and we think a fair construction of the evidence shows that it was understood and contemplated that the person who operated the upright engine would make such light as the situation called for for himself. In other words, the situation does not show a case where it was necessary to have another employee to furnish the light, but the several witnesses who testified, who each had operated an engine, each furnished his own light. They were furnished material from which the light could be maintained, and the person operating the engine was expected and did undertake to light the premises himself, discharging for the master in reference thereto the function of furnishing the necessary light for the

work after dark.   The failure to have a light was attributable to the failure of this servant, and to make the master negligent he must show his own fault was the cause of the said neglect, and he cannot profit by his own fault; being under the duty to make such light as was necessary for the operation which he undertook, and failing to maintain such light, he cannot recover for his own default.

The judgment will therefore be affirmed.

*Affirmed.*